## NETTIE PALMER

*v.*

## L. C. WELCH *et al.*

*Filed at Ottawa January 21, 1890.*

1. INSURANCE — BENEFIT SOCIETY — *who may become beneficiaries.* Where the statute of a State under which a benefit or fraternal society is incorporated, provides that such corporations may be formed "for the purpose of assisting the widows, orphans or other relatives of deceased members, or any persons dependent upon deceased members," the society or corporation will have no authority to create a fund for other persons than those included in the classes named. In such case, the power of the corporation to issue the certificate, and the power of the member to designate the beneficiary, are controlled and limited by the statute.

2. A law of a mutual benefit society provided that a benefit might be made payable to the following classes of persons : First, to a member's wife, children, grandchildren, father, mother, brother, sister or grandparents; and second, to any person dependent upon the member for maintenance, food, clothing, lodging or education. A member had a certificate issued, in which the benefit was made payable to "A B, affianced wife," but died before marriage, leaving two brothers as his next of kin and only heirs: *Held,* that under the law of the society, the "affianced wife" was not entitled to the benefit named in the certificate, she not being a person of either of the classes named.

3. By another law it was provided that no benefit should be payable to a person or persons of the second class, unless the dependency required should exist at the time of the member's death, and that if, at such death, the dependency shall have ceased, then the benefit should be payable to the persons named in the first class, if living, in the order of precedence therein stated : *Held,* that those named in the first class would take the benefit, though not mentioned in the certificate, if there existed no dependency of the beneficiary named at the time of the member's death, whether the dependency had ceased to exist or had never existed at all.

APPEAL from the Appellate Court for the First District ;— heard in that court on appeal from the Superior Court of Cook county ; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. Case, Judson & Hogan, for the appellant:

The society voluntarily issued the policy. It received the premium, and Welch performed all that his contract required him to do. The contract therefore being an executed one so far as he was concerned, (*Benefit Association* v. *Blue*, 120 Ill. 128,) the society could not—nor, of course, could any other person for it, or for themselves,—invoke the doctrine of *ultra vires* to defeat the policy. *Benefit Association* v. *Blue*, 120 Ill. 128; *Johnson* v. *Van Epps*, 110 id. 551; *Knights* v. *Watson*, 64 N. H. 517; *Lamont* v. *Grand Lodge*, 31 Fed. Rep. 177; *Mannley* v. *Knights*, 115 Pa. St. 305.

Matters bearing upon the execution, the interpretation and the validity of a contract are determined by the law of the place where the contract is made. *State* v. *Shaeffer*, 89 Mo. 271; *Scudder* v. *Union Nat. Bank*, 91 U. S. 413; *Stewart* v. *Jessop*, 51 Ind. 413; *Graff* v. *Foster*, 67 Mo. 512; *Fineman* v. *Sachs*, 33 Kan. 631; *Norris* v. *State*, 25 Ohio St. 217; *State* v. *Dennis*, 80 Mo. 594; Schouler on Bailments, 456; Bishop on Contracts, sec. 1376.

A corporation can not plead *ultra vires* to its own executed contracts. *Bradley* v. *Ballard*, 55 Ill. 415; *Building Society* v. *Crowell*, 65 id. 453; *Darst* v. *Gale*, 83 id. 136; *Railroad Co.* v. *Thompson*, 103 id. 187; *East St. Louis* v. *Gas Light and Coke Co.* 98 id. 415; *Ward* v. *Johnson*, 95 id. 215; *West* v. *Agricultural Board*, 82 id. 205.

The contract is not void as against public policy. *Johnson* v. *Van Epps*, 110 Ill. 551; 14 Bradw. 201; *Olmstead* v. *Keyes*, 85 N. Y. 597; May on Insurance, secs. 112, 113; Bliss on Insurance, sec. 26.

A person has an insurable interest in his own life, and has a right to procure a policy on the same, and to have it made payable to any one whom he may appoint, although the beneficiary may not have any pecuniary interest in the continuance of the life of the deceased, nor be of kin to him. It is not relationship between the insured and the beneficiary that is to

PALMER *v.* WELCH *et al.* 143

Brief for the Appellees.  Opinion of the Court.

be invoked to support the insurance.  *Insurance Co.* v. *Allen,* 138 Mass. 24; *Campbell* v. *Life Ins. Co.* 98 id. 389; *Lemon* v. *Life Ins. Co.* 38 Conn. 294; *Fairchild* v. *Life Association,* 51 Vt. 613; *Clark* v. *Allen,* 11 R. I. 439; *Marcus* v. *Insurance Co.* 68 N. Y. 625; *Olmstead* v. *Keyes,* 85 id. 993; *Franklin* v. *Life Ins. Co.* 103 id. 166; *St. John* v. *Insurance Co.* 31 id. 282; *Rawler* v. *Life Ins. Co.* 27 id. 282; *Clark* v. *Durand,* 12 Wis. 223; *Bursinger* v. *Bank of Watertown,* 67 id. 75; *Langdon* v. *Life Ins. Co.* 14 Fed. Rep. 272; *Life Ins. Co.* v. *Armstrong,* 117 U. S. 501; *Ashley* v. *Ashley,* 3 Simons, 149; *Benefit Association* v. *Blue,* 120 Ill. 128.

One has a right to have his own life insured with the money of another, and to assign the policy to him absolutely.  One may insure his own life and present the policy to a friend. *Cunningham* v. *Smith,* 70 Pa. 450; *Barber* v. *Morris,* 2 M. & R. 62; *Insurance Co.* v. *Robertshaw,* 2 Carey, 161; *Elliott's Appeal,* 14 Wright, 80.

A valid policy, once made, remains valid, if the conditions are complied with.  *Valton* v. *Insurance Co.* 20 N. Y. 32.

Messrs. ABBOTT & BAKER, for the appellees:

The certificate must be construed with the laws of the society and the statutes creating the society.  *Supreme Council* v. *Perry,* 140 Mass. 580; *Johnson* v. *Van Epps,* 110 Ill. 563.

When a person designated is not permitted by the statutes of the State or the laws of the order to take, the party designated does not take the benefit, but it must be paid to the persons who, by the statutes of the State and the laws of the order, are permitted to take.  *Legion of Honor* v. *Perry,* 140 Mass. 580; *Daniels* v. *Pratt,* 143 id. 216.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a bill of interpleader, filed in the Superior Court of Cook County by the Supreme Council of the Royal Arcanum, a Mutual Benefit Society organized under the laws of

Massachusetts, against the appellant and the appellees as de-
fendants, alleging that W. D. Welch, who died at Waukegan,
Illinois, on November 20, 1887, had been a member in his
lifetime of a subordinate council of the Royal Arcanum at
Chicago; that before April 22, 1885, a benefit certificate for
$3000.00 had been issued to him naming his mother, Almira
Welch, as his beneficiary, but on that day such certificate had
been cancelled upon his application to the Supreme council,
and a new one had been issued to him, naming Nettie Parke,
"affianced wife," as his beneficiary; that he died in good stand-
ing in the order having paid all dues, and that proofs of death
had been made as required by the rules; that L. C. Welch and
S. C. Welch (the appellees) claim to be entitled to the fund as
brothers of the deceased W. D. Welch and deny the right of
Nettie Parke thereto on the ground that she was never depend-
ent upon him; that said fund is claimed by said Nettie and
also by said L. C. and S. C. Welch, and that complainant is
willing to pay it to the party entitled to it, and offers to do so,
and asks that it be paid into court for the benefit of such of
the defendants as may be adjudged to be the owners of it.
The bill states the objects of the Order, attaches a copy of the
constitution and laws and sets forth, in full, paragraphs num-
bered from 1 to 5 inclusive of Section 2 of Law 3, and Sec-
tion 3 of Law 3.

Nettie Parke answers the bill, alleging that she was the
affianced wife of W. D. Welch at his death and had been since
1884, and claims to be entitled to the fund as the beneficiary
named in the certificate which is set forth in full. She admits
all the material allegations of the bill.

The answer of L. C. and S. C. Welch also admits the ma-
terial allegations of the bill and that Nettie Parke is the ben-
eficiary named in the certificate, but denies that she was
dependent on W. D. Welch at his death, or has been since the
issuance of the certificate, or that she is entitled to the benefit
therein mentioned, and alleges that W. D. Welch died unmar-

ried without children, grandchildren, father, mother, grand-parents or sister, and that they are his only brothers and next of kin and heirs at law, and that they are entitled to the benefit under the constitution and laws of the order. The answer as amended also sets out the various sections of the Massachusetts Statute, which are applicable to the organization of such corporations as the complainant in the bill. The $3000.00 was paid to the Clerk of the court by the complainant, and the latter was discharged from liability under the certificate.

Upon the hearing it was stipulated that the Massachusetts Statute was as set forth in the answer and should be considered as in evidence; that L. C. and S. C. Welch are the brothers and next of kin and only heirs at law of W. D. Welch; that Nettie Parke was his affianced wife when the certificate was issued, "and that she was not actually dependent upon him, nor represented so to be, within class second of Law 3 of the constitution and laws of the Royal Arcanum, either at the time the certificate was issued, or at the time of his death, otherwise than that he gave her occasional presents of clothing, jewelry, money etc., up to the time of his death"; that the certificate was delivered to W. D. Welch and by him to Nettie Parke in Illinois.

The Superior Court decreed that L. C. and S. C. Welch were entitled to the fund, and this decree has been affirmed by the Appellate Court. Since the decision of the cause by the Appellate Court Nettie Parke has married a man named Palmer, and appears upon the record in this Court as Nettie Palmer.

There is no question as to the liability of the corporation issuing the benefit certificate. Such liability is conceded by the payment of the money into court. The only question is, whether the fund belongs to the appellant, or to the appellees.

The certificate issued to the deceased as a member of "Bon Accord Council," a branch of the Royal Arcanum in Chicago, recites upon its face that it is so issued "upon condition that

the said member complies in future with the laws, rules and regulations governing the said ·Council and fund," and that the Supreme Council binds itself to pay the $3000.00 "in accordance with and under the provisions of the laws governing said fund." It, therefore, becomes important to know what such "laws, rules and regulations" are, as they enter into and become a part of the certificate itself.

The second paragraph of Section 2 of Law 3 is as follows:

"Second—A benefit may be made payable to the following classes of persons: Class 1st, to a member's wife, children, grandchildren, father, mother, grandparents, brother or sister,—in every one of which cases no proof of dependency shall be required before the issuing of the benefit certificate. Class 2d, to any person who is dependent upon the member for maintenance, (for food, clothing, lodging or education) in which case the written evidence of the dependency, within the requirements of the laws of the Order, must be furnished to the satisfaction of the Supreme Council before the benefit certificate can be issued."

Paragraph 6 of said Section 2 is as follows:

"Sixth—No benefit shall be payable to a person or persons of the second class mentioned in par. 2 of this section, unless the dependency therein required to be shown, exists at the time of the member's death, in which case proof of such dependency at the member's death shall be furnished in writing, to the satisfaction of the Supreme Regent, before payment of the benefit shall be made. If, at the time of the death of such member, the dependency shall have ceased, then the benefit shall be payable to the persons mentioned in class 1st, paragraph 2, of this section, if living, in the order of procedence as therein enumerated. If no one of said class shall be living at the death of the member, the benefit shall revert to the Widows' and Orphans' Benefit Fund."

Appellant did not belong to Class 1st above mentioned. She bore no such relationship to the deceased as is designated in

that class. She was merely his "affianced wife," or, in other words, he was under a promise or engagement to marry her.

Nor did the appellant belong to Class 2d, because it is admitted in the stipulation that she was not dependent on the deceased, either when the certificate was issued, or at the time of his death. Not having been dependent upon him when he died, then by the terms of paragraph 6 she is not entitled to receive the benefit. It is difficult to understand why the certificate was ever issued to her, as she was never such a relative as is described in class 1st, nor such a dependent as is described in class 2d.

It is, however, claimed by the appellant that, under paragraph 6, the appellees as brothers of the deceased could only take the fund in case, "at the time of the death, * * * the dependency shall have *ceased*," and that her dependency never ceased because it never existed, and that, the appellees not being entitled to the money, she ought to have it as being the beneficiary named in the certificate.

The mere fact that appellant is named in the certificate gives her no right to the benefit, it appearing that her dependency did not exist at the time of the death. As she cannot herself take the fund, it is a matter of no concern to her whether it goes to the appellees, or to the Widows' and Orphans' Benefit Fund.

It is an exceedingly technical construction of paragraph 6 to say that the relatives named in the first class can not take, unless the dependency is one which has once existed and thereafter *ceased*. It is sufficient if the dependency does not exist at the time of the death, whether it had *ceased* to exist, or had never existed at all. But if such construction should be assumed to be correct, the present case would be one where the deceased had not selected such a beneficiary as was empowered to receive the fund. This being so, the Massachusetts Statute, as construed by the Supreme Court of that State, gives the fund to the appellees.

The statute of Massachusetts, under which the Supreme Council of the Royal Arcanum was organized, provides that such corporations may be formed "for the purpose of assisting the widows, orphans, or other relations of deceased members, or any persons dependent upon deceased members." (Mass. Stat. 1882, chap. 115, secs. 1, 2 and 8; chap. 195, sec. 8.) The appellees are relations and come within the meaning of the law. Appellant, being neither a relation, nor orphan, nor widow of the deceased, nor dependent upon him, does not come within the purview of the statute. The mutual promise of herself and the deceased to marry did not in any sense by itself make her dependent upon him.

We must respect the construction given to this Statute by the Massachusetts Courts. In *American Legion of Honor* v. *Perry*, 140 Mass. 580, the Supreme Court of that State, in construing this statute, said: "The statute under which the plaintiff corporation is organized gives it authority to provide for the widow, orphans or other persons dependent upon deceased members, and further provides that such fund shall not be liable to attachment. The classes of persons to be benefited are designated, and the corporation has no authority to create a fund for other persons than the classes named. The corporation has power to raise a fund payable to one of the classes named in the statute, to set it apart to await the death of a member, and then to pay it over to the person or persons of the class named in the statute, selected and appointed by the member during his life, and *if no one is so selected, it is still payable to one of the classes named.*" (*Elsey* v. *Odd Fellows Mut. Rel. Assn.* 142 Mass. 224; *Daniel* v. *Pratt*, 143 id. 216; *Rockhold* v. *Canton Mas. Mut. Ben. Society,* 129 Ill. 440.)

The appellees belong to one of the classes named in the Statute. They are the heirs at law and next of kin of the deceased. There being no selection of a beneficiary authorized to take, the fund goes to them.

One of the objects of the Royal Arcanum is stated to be "to establish a widows' and orphans' benefit fund, from which, on the satisfactory evidence of the death of a member of the Order who has complied with all its lawful requirements, a sum not exceeding $3000.00 shall be paid to his family, or those dependent upon him, as he may direct." The words "as he may direct" confer the power to direct the payment of the fund to one of the specified classes only. The deceased cannot direct the fund to be paid to a person outside of the classes designated by the law and the articles of association. The power of the corporation to issue the certificate, and the power of the member to designate the beneficiary, are controlled and limited by the provisions of the statute. If the member die naming as his beneficiary a person not authorized to take, the law itself will dispose of the fund for the benefit of the classes named in it.

We are of the opinion that the money was properly decreed to belong to the appellees.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*