## Isora W. Faxon v. Grand Lodge Brotherhood of Locomotive Firemen and M. E. Rhea.

1. BENEFICIARY ASSOCIATIONS—*Who May Become Beneficiaries.*—When the organic law of a society prescribes what class of persons may become beneficiaries of its insurance, it is not in the power of the society, or one of its members, or both, to enlarge or restrict these classes.

2. SAME—*Effect of Naming Persons Who are Ineligible.*—Neither the act of a member of a beneficiary association, in naming a person who is not within the classes to be benefited, nor the act of the corporation in making the certificate which it issues payable to such person, can deprive the beneficiaries designated by the law, of their right to, or interest in, the fund.

3. SAME—*Who Can Not be a Beneficiary.*—The fact that the insured member boarded with a person, and paid for his board, in no way makes her a dependent within the meaning of the law, nor does she come within any of the classes enumerated in the law, or in the constitution of the society, and the mere fact that she is named in the certificate as a beneficiary gives her no right to the fund.

4. SAME—*Eligibility of a Step-mother.*—In cases of this kind, the

step-mother is related by affinity in the same degree as a natural mother is by consanguinity, and may be named as a beneficiary.

Interpleader.—Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded, with directions. Opinion filed February 1, 1900.

**Statement of Facts.**—This was a bill in equity, filed by Isora W. Faxon against appellees, the Brotherhood of Locomotive Firemen and Margaret E. Rhea. The brotherhood is an unincorporated fraternal benefit association, doing business under the laws of this State. Prior to December, 1894, its principal office was located at Terre Haute, Indiana. In that month it moved to Peoria, since which time the grand lodge has been located there.

On October 27, 1892, the brotherhood issued to Len E. Faxon a beneficiary certificate for $1,500 in which Len G. Faxon, the father of the assured, was named as the beneficiary. On January 2, 1895, after the brotherhood had commenced doing business under the laws of Illinois, it called in all its certificates previously issued, changed their form, and issued new ones according to the new form.

The mother of the assured died in the spring of 1893, and in the same year the father married his deceased wife's sister, a marriage which it seems was not pleasing to the assured.

Len G. Faxon died on November 27, 1895, and no new beneficiary was named until April 6, 1897, when appellee M. E. Rhea was named in the certificate as such beneficiary. She was no relation to the assured, but was designated in the certificate as his "friend." The evidence shows that Mrs. Rhea kept a boarding house; that the assured boarded with her and was on terms of great friendship and intimacy with the family, and sometimes called Mrs. Rhea "mother." It appears he was probably engaged to be married to a daughter of Mrs. Rhea in 1893, but the engagement was broken off for some reason, and the daughter was married to another person in 1897.

The home of Mrs. Rhea was then in Paducah, Kentucky,

as was also that of assured's father, mother and step-mother. In 1893 or 1894, assured went to New Mexico. He returned at the time of his father's funeral in November, 1895, remaining about two weeks, and then going to El Paso, Texas, and never returned after that time to Paducah. He was quite dissipated during the last few years of his life and died at Needles, California, February 19, 1898.

The preamble to the laws of the brotherhood, and also section 48 of the by-laws, declared that the beneficiary department was organized for the purpose of furnishing substantial relief to the members and their families, and all the forms adopted by the society seem to recognize the fact that no one but a relative or member of the family could become a beneficiary.

On the death of the assured the officers of the brotherhood recognized the right of appellant to the fund in ques tion, but refused to pay it to her without the consent of Mrs. Rhea, who was named in the certificate as beneficiary.

Appellant then filed her bill in this cause, claiming the fund as the only surviving member of the family of the assured, and insisting that under the laws of the order she, and not Mrs. Rhea, was entitled thereto. The brotherhood answered, admitting its liability, and paid into court $1,202.40, to be disposed of by the court after it was determined who was the legal beneficiary.

Appellee Rhea answered the bill, admitting that the fund was created for the benefit of the family of the insured, but denying that Len E. Faxon was ever a member of the family of the complainant; denies that complainant was the step-mother of the assured, and claimed the fund as the beneficiary named in the certificate.

Appellee Rhea also filed a cross-bill setting up the same claims and praying a decree that the fund be paid to her.

Appellant and the brotherhood filed answers to the cross-bill, and the cause, being at issue upon the bill and cross-bill, was referred to the master to take and report proofs, together with his conclusions of fact and law thereon.

The master found and so reported, that appellee Rhea,

the cross-complainant and beneficiary named in the last certificate issued by the brotherhood to Len E. Faxon, was not eligible as a beneficiary under the statutes of Illinois and the constitution of said brotherhood; that she was not a member of the family of the deceased certificate holder as required by the constitution of said brotherhood. The master further found that the equities of the case were with appellant; that she was the legal beneficiary and entitled to the fund in question.

Exceptions were filed in the Circuit Court to the master's report; on a hearing they were sustained, and a decree was entered directing the clerk to pay over to Mrs. Rhea the fund deposited in court, she to pay therefrom the costs of this proceeding.

From this decree the complainant prosecutes her appeal to this court.

COVEY & COVEY, attorneys for appellant.

JAMES M. RICE, attorney for appellees.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

We think it entirely clear that after the brotherhood society came into this State it could only do business, as a fraternal beneficiary society, under and in accordance with the laws of this State.

By section 1 of an act of the general assembly approved and in force June 22, 1893, it is provided, in case of such fraternal beneficiary societies, that "Payment of death benefits shall only be made to the families, heirs, blood relations, affianced husband or affianced wife of, or to persons dependent upon, the member." (Hurd's Statutes 1897, p. 968, par. 258.)

The preamble to the constitution of the brotherhood society contains, among other things, the following:

" Realizing the fact that our vocation involves ceaseless peril, and that it is a duty we owe ourselves and our fami-

lies to make a suitable provision against those disasters which almost daily overtake us on the rail, the necessity of protecting our interests as firemen, of extending to each other the hand of charity, and being sober, industrious and honorable men becomes self-evident; and hence the brotherhood has adopted as its cardinal principles the motto: Protection, charity, sobriety and industry."

By the 47th and 48th sections of the constitution a beneficiary department is created, the 48th section reading as follows:

"Established for members and their families.

Section 49.  The beneficiary department of this order, established to provide substantial relief to members and their families in the event of death or total disability, shall be known as the Beneficiary Department of the Brotherhood of Locomotive Firemen."

So far as we can discover from the evidence in the record, the whole plan and scheme of the beneficiary department of the brotherhood was to provide substantial relief for the families of the members in the event of their death.

We understand the rule to be that when the organic law of a society prescribes what classes of persons may become beneficiaries of its insurance, it is not in the power of the society, or one of its members, or both, to enlarge or restrict these classes.   Niblack on Benefit Soc., Sec. 158, p. 311; 1 Bacon on Ben. Soc., Sec. 244, p. 451.

In Alexander et al. v. Parker, 144 Ill. 355, 364, it is said:

"Neither the act of a member in naming a person who is not within the classes to be benefited, nor the act of the corporation in making the certificate which it issues payable to such person, can deprive the beneficiaries designated by law of their right to, or interest in, the fund."

Citing Palmer v. Welch, 132 Ill. 141; Am. Legion of Honor v. Perry, 140 Mass. 580; Britton v. Royal Arcanum, 46 N. J. Eq. 102; Bacon on Ben. Soc., Secs. 245 and 252.

Mrs. Rhea was not a member of the family of the assured; does not claim that she was.  Nor was she in any way dependent upon him for support.  The fact he boarded with her when in Paducah, and paid for his board, in no way made her a dependent within the meaning of the law of 1893

above cited. Clearly, then, she does not come within any of the classes enumerated in the law, or in the constitution of the society, and under the authorities above cited the mere fact that she was named in the certificate as a beneficiary gives her no right to the fund. (Palmer v. Welch, *supra.*)

The case of Lister v. Lister, decided by the Kansas City Court of Appeals, October, 1897, was a controversy over a beneficiary certificate issued by this same brotherhood, and the court, in delivering the opinion, quoted the same portions of the law of the society which we have referred to, and said:

" It is apparent from the foregoing parts of the constitution that the object of the organization of the lodge was, in case of the death of a member, to provide for his family. The fund, under the terms of the by-laws, must, as we have seen, go to the family of deceased."

We concur in this opinion. But it is contended that because section 51 of the by-laws provides that upon the death of a member the person named in the certificate as the beneficiary shall be entitled to receive the amount specified therein, that therefore Mrs. Rhea is entitled to the fund. The same claim was made in the Lister case, *supra,* in passing upon which the court said :

" Plaintiff has cited us to other sections of the by-laws, where, in general terms, the fund is directed, on the death of a member, to be paid to the beneficiary named in the certificate. But these general terms are used on the assumption that the named beneficiary is such a one as is contemplated by the order. They must be read and interpreted in connection with the evident object of the existence of the association."

To the same effect is the holding of our own Supreme Court in passing upon a similar provision in Palmer v. Welch, *supra.* Our conclusion on this point is that Mrs. Rhea was not entitled to the fund, and the court was in error in decreeing that it be paid to her.

The more difficult question we are called upon to determine is, whether or not appellant is within either of the

classes mentioned in the statute or the constitution and laws of the brotherhood. But the authorities seem to hold that in cases of this kind, the step-mother is related by affinity, in the same degree as a natural mother is by consanguinity. Renner et al. v. Bohemian Slavonian Ben. Soc., 89 Wis. 401; Spear v. Robinson, 29 Me. 531; Higbee v. Leonard, 1 Denio, 186; Simcoke v. Grand Lodge, 84 Iowa, 383; Bennett v. Van Riper, 47 N. J. Eq. 563.

Appellant was the wife of Len G. Faxon, the father of the assured, and hence was related to the latter by affinity. She was the only surviving member of the family. The assured had no brothers or sisters, and if Mrs. Rhea is not entitled to the fund (as we have seen she is not), the only other person claiming it and coming within any of the classes named, is the appellant. There is no provision in the laws of the society for benefits to heirs as such, and we are of opinion that, under the statute, only in cases where they were named as beneficiaries could heirs take the fund.

Under the statute and laws of the society, as well as the authorities cited, we are driven to the conclusion that appellant is entitled to the fund in controversy, or no one is. The brotherhood acknowledges its liability and has paid the money into court. Some one is entitled to it. We think appellant is the only one who has shown any legal right to it, and as the only surviving member of the family of which the assured was ever a member, we conclude the balance of the fund ought to be paid to her.

The decree will be reversed and the cause remanded, with directions to enter a decree in favor of appellant for the balance of the fund due on the certificate.

Reversed and remanded with directions.