TAYLOR v. HAIR et al.

(Circuit Court, D. Oregon. December 28, 1901.)

No. 2,676.

1. LIFE INSURANCE—BENEFICIARY—ELIGIBILITY—HEIRS.

Where the constitution of a fraternal order provides for payment of the beneficiary certificate of a member to his heirs only where he so directs, or when there is no beneficiary specially named, or when the beneficiary named dies before the member, the heirs of a member cannot recover on a certificate in which a beneficiary is named who is living at the death of the member, even though the person so named was not entitled to become a beneficiary under the laws of the order.

2. SAME—WAIVER OF OBJECTION—INTERPLEADER.

Where, on the death of a member of a fraternal order, his heirs and the person named as beneficiary in his certificate claim the amount payable thereunder, and the order files a bill of interpleader, depositing the amount in court, it thereby waives any objection to the right of such person to be named as beneficiary, and the heirs cannot make such objection.

N. H. Bloomfield and M. L. Pipes, for plaintiff.
Robert C. Wright, for defendants.

BELLINGER, District Judge. On July 10, 1900, the Woodmen of the World issued to James T. Hair, a member, on his application, a benefit certificate for $3,000 in favor of Clarinda I. Taylor, who he declared bore to him the relation of financée. The certificate was delivered on the 16th of July, 1900. Hair died on October 12th of the same year. Doubts having arisen as to the right of the beneficiary named in the certificate, the head camp of the order filed its bill of complaint in interpleader, and deposited the $3,000 with the clerk of the court. By stipulation of the parties in interest, an order was entered dismissing as to the order, and providing for the filing of pleadings upon the part of the defendants in the suit of interpleader. Thereupon Clarinda I. Taylor filed her cross complaint, alleging, among other things, the issuance of the benefit certificate in question to said Hair for the benefit of complainant as financée of the deceased. To this the heirs at law of said deceased filed their joint and several answers, in which, among other things, it is denied that said Taylor was ever the financée of the deceased, and it is alleged that at the time of the issuance of said benefit certificate, and long prior thereto, said Taylor was a married woman, the wife of one Byrns, and that prior to the issuing of said certificate deceased and said Taylor contracted to marry each other as soon as said Taylor should have procured a divorce from her husband. It is further alleged that on January 23, 1900, said J. T. Hair and one Nettie Hair were husband and wife, and that on that day a decree of divorce was granted said Nettie from her said husband, J. T. Hair, and that the six months within which divorced persons may not marry again did not expire until July 23, 1900. It is further alleged that said Taylor pretends that on October 11, 1900, a decree of divorce was entered in her favor in the circuit court for Lane county, dissolving the marriage contract then existing between her and her said husband;

112 F.—58

and the defendants allege that said court was without jurisdiction to make the said decree of divorce, for the reason that the defendant in said suit was not served with process as required by law; that such service was a pretended service by publication, and not otherwise. To this answer the plaintiff in the cross complaint excepts upon two grounds: (1) That from the matters alleged it does not appear that complainant was not qualified, as fiancée, to become the beneficiary in said certificate; and (2) that defendants are without standing in court to make such answer, for the reason that they are strangers to the transaction in question, and do not stand in such relation thereto as to entitle them to an interest in the fund in court.

The constitution of the order of Woodmen of the World provides as follows:

"Sec. 119. A benefit certificate can only be made expressly payable to some person or persons named, who sustain to the holder the relationship of either wife, legitimate child, adopted child, grandchild, parent, grandparent, brother, sister, nephew, niece, uncle, aunt, fiancée, brother-in-law, sister-in-law, mother-in-law, or dependent. No benefit certificate shall hereafter be made payable 'to his estate,' 'to party to be named in will,' 'to himself,' nor to 'his legal heirs.' But no benefit certificate shall hereafter be made payable to a fiancée when one or more of the above-named parties are dependent upon the neighbor. When the application does not show any special named beneficiary, he can direct the benefit to be made payable 'to the beneficiaries designated in the constitution of the order,' and the benefit certificate may so provide. In such cases, death benefits, when due, shall be payable as follows: If the deceased leaves a widow and no child or grandchild, to his widow; if a widow and descendants, one-half to his widow and the remaining one-half divided equally among his children, the children of a deceased child to take collectively what their parent would have received if living; if no widow or descendants, to his parents, in equal part, or all to one parent if only one be living; if no widow, descendants or parents, then to his brothers, sisters and descendants of deceased brothers and sisters, the latter taking collectively what their parents would have taken if living; if none of said relatives are living, then to the grandparents, uncles and aunts in equal portion; if none of said relatives survive, the benefits in such case shall be forfeited and remain in the benefit fund.

"Sec. 120. In case any beneficiary expressly named in the benefit certificate does not survive the holder thereof, the amount which would have gone to such named beneficiary, if surviving, shall be paid pursuant to section 119," etc.

The disposition of the fund in court depends upon the construction to be given to these provisions. Benefit certificates are required to be made payable to some person or persons, except that the applicant, omitting to name any beneficiary, may direct the benefits to be made payable "to the beneficiaries designated in the constitution of the order." A certificate cannot be made payable to the applicant himself, to his estate, to a party to be named in his will, nor to his legal heirs. There must be some designation of a beneficiary, either of a person specially named or of "the beneficiaries designated in the constitution of the order." When a beneficiary is specially named, he must have the qualifications prescribed in section 119. In this case it is claimed that the applicant described the beneficiary as his fiancée when she was not so in fact. In such a case, what is to become of the fund? Can it be distributed to the "legal heirs" of the applicant? Will the law make a disposition

of the fund which the constitution of the order forbids the applicant to make? The order may dispose of it, in accordance with the laws of distribution or otherwise, by a designation of beneficiaries in the constitution of the order; but it can only do this when the application does not show any special named beneficiary, and when it (the application) directs the benefit to be made payable to the beneficiaries designated in such constitution. It is argued that, when a person not qualified to take is named as a beneficiary, there is, in legal effect, no person designated. If so, the benefit cannot go to any beneficiary designated in the constitution of the order without a direction in the application requiring it, and the benefit must fail. In other words, an applicant cannot make his benefit certificate payable to his estate, or legal heirs, or subject to disposition by will, contrary to the constitution of the order, by naming as beneficiary a person not within the classes authorized to take. The case of Baldwin v. Begley (decided in the supreme court of Illinois) 56 N. E. 1065, is relied upon in support of the contention made in behalf of the defendants. That case, like this, is one involving a certificate issued by a mutual benefit association, and the rule applied is thus stated in the opinion of the court:

"Upon the death of a member, where the person claiming to be his designated beneficiary is outside of the classes eligible as beneficiaries of his insurance, the member's heirs at law who are within such classes are entitled to the insurance. There being no selection of a beneficiary authorized to take, the fund goes to them."

This decision is upon the authority of the case of Palmer v. Welch, 132 Ill. 141, 23 N. E. 412, followed by the case of Alexander v. Parker, 144 Ill. 355, 33 N. E. 183, 19 L. R. A. 187. The benefit certificates in these cases were issued by the Supreme Council of the Royal Arcanum, a mutual benefit society organized under the laws of Massachusetts, which provide that such corporations may be formed for the purpose of assisting the widows, orphans, or other relatives of deceased members, or any persons dependent upon deceased members. The beneficiary named in each case was described as the "affianced wife" of the deceased, a description not within any class entitled to take under the laws of the state or the constitution of the order. If the person so designated could become a beneficiary under a certificate of the order, she must have done so as a "dependent" upon the member for maintenance. The laws of the order permitted a certificate for the benefit of such dependent. It was provided, however, that no payment should be made to persons of this class unless the dependency was shown to exist at the time of the death of the member; and when the beneficiary was not dependent at that time the benefit, by express provision, became payable to the relatives of such member, including his brothers and sisters. The beneficiaries were not so dependent, and, by the express provision referred to, the brothers were entitled to the benefit. To understand how little room for controversy there was in these cases, it is only required to refer to the contention made in Palmer v. Welch that the dependency of the beneficiary named had not ceased at the time of the death, because it never existed;

the provision of the constitution of the society being that "if, at the time of the death of such member, the dependency shall have ceased, then the benefit shall be payable to the persons mentioned in class I," etc. In the case on trial the brothers of the deceased member are within the class of "beneficiaries designated in the constitution of the order," but payment is only authorized to be made to these beneficiaries in two cases: First, where the applicant so directs, which he could only do when there is not any specially named beneficiary; and, second, where the beneficiary "expressly named in the benefit certificate" does not survive the holder of the certificate. There is no provision by which persons in this class can take when the beneficiary named is not eligible, while in the cases decided in the supreme court of Illinois, as has been seen, there is express provision by which the brothers of the deceased member are entitled to take when the beneficiary named is not dependent, and consequently not eligible, at the time of such death. While the order is under no obligation to pay a benefit to a beneficiary named who does not sustain to the holder of the certificate such a relationship as is mentioned in section 119, the law imposes no limitation upon it in this respect. The order decides for itself who may become beneficiaries in the membership certificates which it issues, and it decides for itself whether in the particular case it will take advantage of a misrepresentation in an application of the relation which the beneficiary sustains to the applicant, and refuse to pay the insurance. The injury arising out of such misrepresentation is to the order, and it confers no right upon strangers to the transaction. The defendants are not dependent relatives of the deceased, Hair. They have no interest in the benefit certificate, and cannot be heard to question the obligation of the order, or its right, to pay the benefit to the plaintiff, or the right of the plaintiff to receive such payment.

There is no question of public morals or policy involved. The order of Woodmen may, if it sees fit, in fixing its own policy, provide by its constitution for benefit certificates in favor of any person designated by the applicant for such certificate. If the policy which it adopts is for any reason contrary to public morality, the question of intervention is for the state; and the order may make a payment of insurance, if it sees fit, without regard to the right of the beneficiary to compel it. The right to refuse such payment belongs to the order. If it has been deceived, by misrepresentation, in issuing insurance to a beneficiary not qualified under its constitution to receive it, the remedy, in the absence of some provision in the constitution for the disposition of the benefit, is with the order where the injury is suffered, and it cannot be made a matter of gain to outsiders. The payment into court by the order is a waiver of every objection that the order might have made to the plaintiff's demand

The exceptions to the answer are allowed.