MICHAEL LAROCCA, as Administrator, etc., of JOSEPH LAROCCA, Deceased, Respondent, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.*

First Department, February 7, 1941.

*George W. Riley* of counsel [*Ralph L. Knisley* with him on the brief; *Oeland & Kuhn*, attorneys], for the appellant.

*Irwin Isaacs*, for the respondent.

CALLAHAN, J. Joseph LaRocca in his lifetime purchased an insurance policy from defendant company, naming Michael LaRocca as beneficiary. In a former action on the policy brought by the beneficiary after the insured's death, the policy was declared void, and the company permitted to rescind same, because of the fraudulent representations of the insured. In order to complete rescission the company pleaded an offer to return the premiums which were paid by the insured in his lifetime. In the former action by the beneficiary, the company received a judgment for costs. It claims

*Affg. 174 Misc. 89.

the right to offset that judgment against the amount of premiums which it offered to refund. The administrator of the estate of the insured claims the right in the present action to recover the premiums free of any offset. The Municipal Court held that the premiums belong to the estate of the deceased, and the administrator was entitled to recover them. It also held that the costs recovered against the beneficiary by the insurance company upon the trial of the prior action and upon the appeal, cannot be set up as a counterclaim or setoff against the estate, even though the beneficiary is the administrator of the estate of the deceased. The Municipal Court granted summary judgment to plaintiff in the sum of fifty-seven dollars. The Appellate Term affirmed the judgment in plaintiff's favor. We think the determination was correct.

The circumstance that here the administrator and the beneficiary are the same person is immaterial. The administrator is the representative of the estate of the insured. The estate of the insured is not being enriched by his fraud; it is merely recovering back what the company was required to repay on electing to rescind. The company would be unjustly enriched if it could retain premiums for which it gave nothing. No rights passed to the beneficiary under the policy, because the policy was not an enforcible contract. Plaintiff's right to the premiums does not exist because of any rights flowing from the policy, but because defendant has money received from the decedent which it is required in law to return to him or his representative.

While it may be true that in any action for rescission brought by the company after the death of the insured, the beneficiary would be a necessary party, that would be because the beneficiary would have all rights existing under any enforcible contract. It would not follow, however, that the beneficiary would have the right to the return of premiums if a tender was required in such an action for rescission.

The determination of the Appellate Term should be affirmed, with costs.

MARTIN, P. J., and DORE, J., concur; GLENNON and UNTERMYER, JJ., dissent.

UNTERMYER, J. (dissenting). The decision of the court produces, it seems to me, a result which is not only inequitable but which defies the intention of all the parties to the transaction. (Compare *Moore* v. *Mutual Reserve Fund Life Assn.*, 121 App. Div. 335, 342.) The result is that the fraud of the insured will enrich his estate by the amount of the premiums and the beneficiary, innocent of any wrong, will receive nothing; whereas if the insured had per-

petrated no fraud against the company his estate would receive nothing under the policy and the beneficiary would receive the full proceeds. I find no controlling principle of law which justifies such a result.

On the death of the insured no interest in the policy passed to his estate (*Hellenberg* v. *Dist. No. 1 of I. O. of B. B.*, 94 N. Y. 580; *Taylor* v. *Hair*, 112 Fed. 913; *Rollins* v. *McHatton*, 16 Col. 203; 27 P. 254; *Pinneo* v. *Goodspeed*, 120 Ill. 524; 12 N. E. 196; *McFarland* v. *Creath*, 35 Mo. App. 112; *Manley* v. *Manley*, 107 Tenn. 191; 64 S. W. 8), and all interest therein vested in the beneficiary (*Schoenholz* v. *N. Y. Life Ins. Co.*, 234 N. Y. 24, 29; *Strianese* v. *Metropolitan Life Ins. Co.*, 221 App. Div. 81, 83; *McDonnell* v. *Mutual Life Ins. Co.*, 131 id. 643, 646). Accordingly, if the company had elected to institute an action to rescind the policy on account of fraud in its procurement, that action would have been required to be maintained against the beneficiary and not against the estate of the insured. (*Equitable Life Assur. Society* v. *Kushman*, 276 N. Y. 178; *Prudential Ins. Co.* v. *Stone*, 270 id. 154; *Anderson* v. *Northwestern Mutual Life Ins. Co.*, 261 id. 450, 453; *Jurgens* v. *N. Y. Life Ins. Co.*, 114 Cal. 161; 45 P. 1054; *Pingrey* v. *National Life Ins. Co.*, 144 Mass. 374; 11 N. E. 562.) It seems evident that the duty to make a tender of the premiums as a condition of rescission must likewise be performed to the party against whom the contract of insurance is to be rescinded and not to another party who has no legal interest in the enforcement of the policy.

It is said, however, that we must indulge the fiction that no contract of insurance ever came into existence on account of the fraud of the deceased and that the premiums should, accordingly, be restored to the party by whom they were paid or to his legal representatives. But even such a fiction is only accurate in part. It is true that in the insured's relations to the company the contract of insurance may be regarded as if it had never been made. It is not true that in the insured's relations to the beneficiary the contract may be so regarded, for the transaction whereby the insured divested himself of all interest in the policy in favor of the beneficiary was not affected by any fraud. Accordingly, whatever rights pertained to the policy became the property of the beneficiary (*McLaughlin* v. *McLaughlin*, 104 Cal. 171; 37 P. 865; *Martin* v. *Ætna Ins. Co.*, 73 Me. 25; *Fisher* v. *Donovan*, 57 Neb. 361; 77 N. W. 778) to whom the company was required to tender the amount of the premiums as a condition of rescinding a policy which, if not rescinded, would be paid to him.

The determination of the Appellate Term and the judgment and the order of the Municipal Court granting plaintiff's motion

for summary judgment should be reversed, the plaintiff's motion for summary judgment denied, and the order denying defendant's motion for summary judgment dismissing the complaint should be reversed and said motion granted.

GLENNON, J., concurs.

Determination affirmed, with costs and disbursements.