THE NORWEGIAN OLD PEOPLE'S HOME SOCIETY *et al.*

*v.*

DAISEY E. WILSON *et al.*

*Opinion filed October 24, 1898—Rehearing denied December 8, 1898.*

1. BENEFIT SOCIETIES—*society organized under the general law may restrict class of beneficiaries.* A benevolent association, organized under the general Incorporation act as a corporation not for pecuniary profit, may, by its certificate of incorporation, constitution and benefit certificate, restrict the class of eligible beneficiaries to members of the association and their immediate families, notwithstanding the statute is broader in its terms.

2. SAME—*courts will enforce restrictions as to eligibility of beneficiaries.* A benevolent association organized to furnish a home for indigent old people cannot be permitted to take, as beneficiary, under a benefit certificate of a society which limits its benefits to its members and their immediate families.

3. SAME—*a member's brother and daughter belong to his immediate family.* A brother of a member of a benefit society, living in his household, may be appointed as beneficiary in a certificate restricting its benefits to members of the society and their "immediate families," and a daughter of such member is entitled, as heir-at-law and as being of his immediate family, to take benefits which the named beneficiary is incompetent to take.

*Danielson* v. *Wilson*, 73 Ill. App. 287, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

CHYTRAUS & DENEEN, and OLAF E. RAY, for appellants.

SAMUEL J. HOWE, for appellee Daisey E. Wilson.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This was a bill in chancery filed by Daisey E. Wilson in the circuit court of Cook county, by which she sought to set aside as fraudulent and void the cancellation of

a benefit certificate issued to her father, Elef Danielson, by the Policemen's Benevolent Association of Chicago, in which she was named as beneficiary, and to have another certificate, in which the appellants were named as beneficiaries, issued in lieu of the former, canceled and annulled; also asking that the association be decreed to pay her the money due under the former certificate, and that it be enjoined from paying any money to appellants on account of such second certificate. The bill charged that the proper formalities had not been observed in making the surrender of the first certificate, and that the change in beneficiaries had been procured by undue means and while her father was mentally incapable of transacting business. A cross-bill was filed by appellants, in which they asked that the money be decreed to be paid to them. The association answered the cross-bill, and alleged that appellants were incompetent to take as beneficiaries, that the certificate issued making them such was void, and that the proceeds should revert to the association. Appellee Wilson, in her answer to the cross-bill, set up the same matters alleged in her original bill, and alleged that appellants were incompetent to take as beneficiaries, and that under the constitution and by-laws of the association and the laws of this State the proceeds of the benefit certificate were payable to her. Issues were made on the original and cross-bills, and the court found that the first certificate was properly surrendered and the changes in the beneficiaries made with the full knowledge and consent of Elef Danielson, who was fully competent, but also found that the appellant the Norwegian Old People's Home Society was incompetent to take under the certificate and laws of the association; that P. J. Danielson was a member of the immediate family of his brother, Elef; and decreed that the association pay one-half of the proceeds of the benefit certificate to said P. J. Danielson as the beneficiary appointed therein, and that the other half be paid to appellee Daisey E. Wilson, as the

only heir-at-law and next of kin of Elef Danielson, and a member of his family within the meaning of the certificate and laws of the association. On appeal to the Appellate Court by appellants the decree was affirmed, and they have further appealed to this court.

It is contended by appellants that the appellee Daisey E. Wilson is not competent to take any benefit under the certificate and laws governing the association, and that if it be held that the Norwegian Old People's Home Society is also incompetent to take, the whole fund should go to P. J. Danielson, while it is strongly urged that, the contract having been fully executed on the part of Elef Danielson, it is now too late to raise the question of the incompetency of the Norwegian Old People's Home Society as a beneficiary, and that only the association itself could raise any question in that regard.

The whole question as to who may be made beneficiaries must be settled, in the first place, by reference to the certificate of incorporation of the Policemen's Benevolent Association. The object of the association is stated to be: "To create a fund and provide means for the relief of the distressed, injured, sick or disabled members of the association and their immediate families." This object is repeated in almost the identical words in article 2 of the constitution of the association. Article 11 of this constitution is entitled "Payment of Beneficiary," and provides, among other things, as follows:

"Sec. 3. When any beneficiary named in this certificate of any deceased member, by reason of death, operation of law or otherwise, is unable to take the beneficiary fund of such deceased member, then such beneficiary fund shall be payable to the heirs-at-law of such deceased member in accordance with the statutes of Illinois regarding descent."

There can be no question that the Norwegian Old People's Home Society was incompetent to take under the terms of the certificate of incorporation of the association. It could not in any way be held to be a member of

the deceased's immediate family, and only such persons were competetent to take. It is no answer to say that the statute of the State under which the association was organized was broad enough to permit such society to take. The incorporators of the association chose to restrict the objects of its benevolence to the immediate family of the member, and the courts must construe the contract as they find it. (*Rockhold* v. *Canton Masonic Mutual Benevolent Society*, 129 Ill. 440.) This court said in *Alexander* v. *Parker*, 144 Ill. 355 (on p. 363): "Where the statute under which a benevolent corporation is organized, and its charter adopted in pursuance of such statute, designate certain classes of persons as those for whom a benefit fund is to be accumulated, a person not belonging to either or any of such classes is not entitled to take the fund. The corporation has no authority to create a fund for other persons than the classes specified in the law, nor can a member direct the fund to be paid to a person outside of such classes. Neither the act of a member in naming a person who is not within the classes to be benefited, nor the act of the corporation in making the certificate which it issues payable to such person, can deprive the beneficiaries designated by the law of their right to or interest in the fund." There is no question as to the liability of the corporation issuing the benefit certificate. The only question is, to whom does the fund belong. *Palmer* v. *Welch*, 132 Ill. 141.

It does not change or alter the principle announced in the above cases that they arose on certificates issued by the Royal Arcanum,—an order operating under the laws of Massachusetts. The laws of Massachusetts specifying the classes of persons who may become beneficiaries were applied in both cases, and it was held that such laws must govern. The Policemen's Benevolent Association is an Illinois corporation, which has voluntarily chosen to restrict its benevolences to the immediate families of its members, and we must apply the restrictions found in the

statement of the object of the association as specified in the certificate of incorporation, and not the statute itself in its broadest scope. It is obvious that there is nothing illegal or against public policy in the action of the association in narrowing the scope of its beneficial action. In *Martin* v. *Stubbings,* 126 Ill. 387, this court said (p. 406): "It is clear, however, that the statute, by empowering a member to name as his beneficiary his legatee or devisee, without restriction, proceeds upon a policy much broader than do those statutes which limit the benefits to accrue upon the death of the member to his relatives or those in some way dependent upon him." In that case the constitution of the society followed the broad language of the statute, and we expressly discriminated between such language and that used limiting the benefits to the relatives or families of the deceased member, as is done in this case.

The case of *Bloomington Mutual Benefit Ass.* v. *Blue,* 120 Ill. 121, is similar, in nearly all respects, to the case last cited. In that case the beneficiary, Blue, brought suit against the benefit association, and the association, among other defenses, interposed that of *ultra vires.* On the same line of reasoning as that adopted in *Martin* v. *Stubbings, supra,*—namely, that the language of the statute naming devisees and legatees as possible beneficiaries was broad enough to cover any person who could have been appointed such devisee or legatee by will, though appointed directly by the member in his benefit certificate,—this court held that Blue was entitled to the fund and that the association was estopped to plead *ultra vires.* (*Rockhold* v. *Canton Masonic Mutual Benevolent Society, supra.*) There was an attempt in the *Blue case,* by the association, to evade payment of the benefit secured by its certificate, and this court held that such payment could not be avoided. In the case at bar we hold to the same doctrine, that the Policemen's Benevolent Association cannot evade payment of the benefit secured by its certificate; but the contest in this case being between different claimants to

the benefit of the certificate, it is the duty of the court to determine to whom it should be paid.

The question arises as to the meaning to be given to the words "immediate family," appearing in the statement of the object of the association. We think a reference to other portions of its constitution will show what meaning the framers of the same attached to it. The section quoted above from article 11 seems to indicate that the heirs-at-law of the deceased member were deemed to be his "immediate family." The word "family" is used in various significations, some more restricted, others more extended, the general scope and purview of the statute or of the will having to be considered in each case. It is used to indicate, first, the whole body of persons who form one household, thus including also servants; second, the parents with their children, whether they dwell together or not; and third, the whole group of persons closely related by blood. (Century Dict.) It "may mean a man's household, consisting of himself, his wife, children and servants; it may mean his wife and children, or his children excluding his wife; or, in the absence of wife and children, it may mean his brothers and sisters or next of kin; or it may mean the genealogical stock from which he may have sprung." (2 Story's Eq. Jur.—13th ed.— sec. 1065 *b*.) Appellant P. J. Danielson, a brother living in the household of Elef Danielson, would be a member of his family by virtue of his residence and relationship, while appellee Daisey E. Wilson, the only child of Elef Danielson, would be a member of his family by virtue of such relationship. The term "immediate" seems to offer some difficulty, its signification generally being, "not separated from its object by any medium; directly related; nearest." Taking into consideration the section of article 11 quoted above, we think appellee Wilson, who was his next of kin and only heir-at-law, was within the designation "immediate family."

The appointment to P. J. Danielson of one-half of the proceeds of the benefit certificate must be sustained, and the appointment of the Norwegian Old People's Home Society to the other half must be held to be inoperative, as not being allowable by the terms of the certificate and constitution of the association. This appointment having failed, we must seek for the beneficiary of one-half of the fund according to the terms of section 3 of article 11 of the constitution of the appellant association, which provides that when the beneficiary named by operation of law is unable to take, then such fund shall be payable to the heirs-at-law of such deceased member in accordance with the statutes of this State regarding descent. Elef Danielson was divorced from his wife for her fault, and when he died he left him surviving the appellee Daisey E. Wilson as his only child, and therefore his heir-at-law, and as such she is clearly entitled to the remaining one-half of the proceeds of the benefit certificate.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*