## Ruby Belle Riggs Nowak et al. v. Thomas Murray, Executor.

### Gen. No. 12,496.

1. FRATERNAL BENEFIT SOCIETY—*what constitutes contract of member with.* The application, the certificate, the charter and the by-laws of the order, and the statute under which the order is incorporated, construed together constitute the contract between the member and the order.

2. FRATERNAL BENEFIT SOCIETY—*by-laws of, not retroactive.* The courts will not construe a by-law of a fraternal benefit society, no matter how positive in its terms, as intended to interfere with existing contracts or with vested rights, unless the intention that it shall so operate is expressly declared or is necessarily to be implied from its words.

3. FRATERNAL BENEFIT SOCIETY—*who entitled to proceeds of benefit certificate.* Where the application for membership provides that the benefit "be paid to my wife, Mary A. Riggs, subject to such future disposal of the benefits among my dependents as I may hereafter direct, in compliance with the laws of the order," and the certificate issued therein directs the order " to pay to his wife, Mary A. Riggs, to be held in trust for his adopted daughter, Ruby Belle Riggs," such adopted daughter is entitled to receive the death benefits, it appearing that she was a dependent of the member.

Bill of interpleader. Error to the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded with directions. Opinion filed May 21, 1906.

**Statement by the Court.** The Catholic Order of Foresters filed a bill of interpleader stating that it is a fraternal beneficiary society existing under and by virtue of the laws of this State; that January 27, 1884, John Riggs became a member of All Saints Court Number 9 of the order, and complainant on that date issued to him its benefit certificate No. 559, in and by which it promised to pay to Mary

A. Riggs, wife of John Riggs, the sum of $1,000 upon satisfactory evidence of the fact and cause of the death of John Riggs, etc.; that John Riggs died January 17, 1905; that at the time of his death he was a member of the order in good standing, and that satisfactory proof has been made of the fact and cause of his death. The bill further alleges that said Mary A. Riggs and Ruby Belle Riggs Nowak each claim the fund of $1,000 due and payable upon said certificate, and that complainant does not know, etc. The bill makes them defendants and prays that they may interplead, etc.

The answer of Mary A. Riggs admits the character of the order and asserts that at the time of the death of John Riggs there was and now is in full force and effect certain laws, rules and regulations known as the "Constitution of the Catholic Order of Foresters and the laws, rules and regulations thereof;" that John Riggs was her husband; that in his written application for said certificate he directed the benefit to which he might be entitled to be paid to her without qualification; that John Riggs therein agreed to conform to the laws, rules and usages of the order then in force or which might thereafter be adopted by the same. She admits that John Riggs became a member of the order, and the delivery of the certificate to him by which the order agreed to pay to her by the name and style of "Mary A. Riggs to be held in trust for his adopted daughter Ruby Belle Riggs," the sum of $1,000, etc.; that he died a member in good standing, and proofs of death were furnished as alleged in the bill, and that she had demanded that said sum of $1,000 should be paid to her. She denies that Ruby Belle Riggs Nowak is or has been at any time the adopted daughter of John Riggs; and denies that John Riggs at any time directed said sum of money to be paid her, and avers that the words, "to be held in trust for his adopted daughter Ruby Belle Riggs," are surplusage and meaningless, and if not so, the phrase renders the certificate void for uncertainty; and for the further reason that it was an ineffectual attempt to name as beneficiary a person ineligible under

the constitution, laws, rules and regulations of the order, in which event she, Mary A. Riggs, became entitled to said money. That said Ruby was not a dependent upon John Riggs at the time of his death; and that she, Mary A. Riggs, was at the time of the death of John Riggs entitled to said sum of $1,000.

The answer of Ruby Belle Riggs Nowak admits the character of the order; that John Riggs became a member thereof and a certificate was issued to him as stated in the bill; and denies that in and by said certificate the order promised to pay the sum of $1,000 to Mary A. Riggs, but did promise to pay it to Mary A. Riggs in trust for this defendant, his adopted daughter. Admits the death, etc., of John Riggs, and that she made a claim for the money upon the ground that John Riggs at the time he became a member of the order directed it to be paid to her; and denies that the certificate was made payable to Mary A. Riggs. She says that she was taken from an asylum by John Riggs and his wife when she was three years old, and thereafter reared as and held out to be their daughter, and they led her to believe and to be known as Ruby Belle Riggs, and she was dependent upon John Riggs for her support and maintenance; that John Riggs frequently declared that she was his beneficiary, and for that purpose he became a member of said order. Denies that Mary A. Riggs is entitled to said money; and admits that her name is now Ruby Belle Riggs Nowak.

The cause was heard upon a stipulation of facts, which is substantially as follows:

The order was incorporated under and by virtue of the laws of this State May 24, 1883. The statement filed by the incorporators declared, "The object for which it is formed is the promotion of fraternity, unity and true Christian charity among its members. To establish a fund for the relief of sick and distressed members. To establish a widows' and orphans' benefit fund for the benefit of dependents of deceased members. No annual premium required. No money as profit or otherwise paid."

John Riggs applied for membership in the order January 18, 1884, and was admitted and a certificate was issued to him January 27, 1884, which was dated December 18, 1884. January 1, 1904, the by-laws of the order were amended, and so remained in force at the date of the death of John Riggs, which, in part, are as follows:

"82. Benefits may be made payable to the following classes: Class one. To the member's (1) wife, (2) children (including children by adoption)," etc., following the law of descent.

"83. Class two. (1) To member's affianced wife, (2) to any person who is dependent upon the member for maintenance (food, clothing, lodging or education.)"

"85. No benefit shall be payable to any person or persons of class two, section 83, unless the dependency therein specified to be shown exists at the time of member's death, in which case proof of such dependency at such time must be furnished in writing to the satisfaction of the High Court before payment of the benefit shall be made. If, at the time of the death of the member, any such dependency shall have ceased, or shall be found not to have existed, or if the designation shall fail for illegality or otherwise, then the benefit shall be payable to the person or persons mentioned in class one of section eighty-two (82), if living, in the order of precedence as therein enumerated."

"104. A member may at any time when in good standing surrender his benefit certificate, and a new certificate shall thereafter be issued, payable to such beneficiary or beneficiaries, as such member may direct, in accordance with the laws of the Order, upon the payment of a fee of fifty cents."

These rules in substance had been in force since June 24, 1899.

John Riggs died January 17, 1905, a member in good standing in the order, leaving Mary A. Riggs, his widow, a brother and sister and a niece and two nephews, his heirs and next of kin.

That the said defendant, Ruby Belle Riggs Nowak, was and is no relation, either by consanguinity or affinity, of the decedent, John Riggs; neither was she his adopted daughter in virtue of any decree of any court of competent jurisdiction. At the age of three years, and about the 25th

day of October, 1872, she, said defendant, was taken by the said John Riggs and the defendant, Mary A. Riggs, from St. Joseph's Orphan Asylum to their home, and was by them reared, cared for and educated until she was approximately twenty years of age; at that age she went to work and she continued off and on to reside at the Riggs home until the latter part of the year 1893, after which time she was self-supporting, and so continued to be up to the time of her marriage in October, 1904, since which time she has been supported by and living with her husband. In the latter part of the year 1893, the said defendant, Nowak, left the Riggs home and has never returned thereto, except to visit the said John Riggs and Mary A. Riggs, and that none of said visits were of more than three or four hours duration.

That the said John Riggs and Mary A. Riggs have always treated the said Ruby Belle Riggs Nowak as their daughter, and also held her out to the world as their adopted daughter, and spoke of her and to her as their adopted daughter.

That the said John Riggs had frequently spoken of his desire that the said defendant, Ruby Belle Riggs Nowak, should be the beneficiary under his certificate in the said complainant; that he had frequently stated and told friends and acquaintances that the said defendant, Ruby Belle Riggs Nowak, would receive $1,000 insurance in said complainant at the time of his death, and that said statements were made at frequent intervals during his membership in complainant and up to within a month of his death.

The written application for membership directed that the benefit " be paid to my wife, Mary A. Riggs, subject to such future disposal of the benefits among my dependents as I may hereafter direct, in compliance with the laws of the order." It also contained an agreement that Riggs would " conform in all respects to the laws, rules and usages of the order now in force, or which may hereafter be adopted by the same."

Upon the back thereof was written, " Pay to Mrs. Mary

A. Riggs, my wife, to be held in trust by her for my
adopted daughter, Ruby Belle Riggs."

By the certificate issued upon this application the order
bound itself " to pay to his wife, Mary A. Riggs, to be held
in trust for his adopted daughter, Ruby Belle Riggs, one
thousand dollars," etc.

At the foot of the certificate appears the following:  " I
accept this certificate on the conditions named." Signed:
" John Riggs."

Mary A. Riggs having died *pendente lite*, the present de-
fendant in error was substituted.

Upon the hearing the learned chancellor found that
Mary A. Riggs was lawfully and equitably entitled to said
benefit fund; and decreed that she have and recover from
the order the sum of $961, (being the $1,000 less expenses
and costs), and that she have execution therefor, and that
Ruby Belle Riggs Nowak pay the costs, etc.

From this decree the present writ of error was sued out.

M. E. MAHER and JOHN A. SWANSON, for plaintiff in error;
AARON HEIMS, of counsel.

THOMAS J. O'HARE, for defendant in error.

MR. JUSTICE BALL delivered the opinion of the court.

At the time John Riggs became a member of the Cath-
olic Order of Foresters one of the purposes of the order was
" to establish a widows' and orphans' fund for the benefit
of dependents of deceased members." In his application
Riggs directed that the benefit should be paid " to my wife,
Mary A. Riggs, subject to such future disposal of the ben-
efits among my dependents as I may hereafter direct, in
compliance with the rules of the order."

Upon the back of this application is an unsigned direc-
tion, " Pay to Mrs. Mary A. Riggs, my wife, to be held in
trust by her for my adopted daughter Ruby Belle Riggs."

The certificate issued upon this application, accepted by
Riggs in writing and dated December 18, 1884, binds the
order to pay " to his wife, Mary A. Riggs, to be held in

trust for his adopted daughter Ruby Belle Riggs, one thousand dollars."

Riggs remained a member of the order from that time until his death, January 17, 1905, making no change in this designation. Proofs of death satisfactory to the order were made and received.

Admitting its duty to pay the sum of $1,000 upon this certificate, but alleging its inability to determine the proper party to whom payment should be made, the order filed its bill of interpleader, making Mary A. Riggs and Ruby Belle Riggs Nowak defendants, and praying that they might be ordered to answer, etc. They did so. As the case was heard in the trial court and as it comes to us the dominant issue is as to which of these two women is entitled to this fund.

In determining this question we must look at the application, the certificate, the charter and by-laws of the order, and the statutes under which the order was incorporated. All these are to be considered and construed together as forming the contract between the parties. Fullenweider v. Royal League, 180 Ill. 625.

The Act of 1883 provided " That corporations, associations or societies for the purpose of furnishing life indemnity or pecuniary benefits to the widows, orphans, heirs, relatives by consanguinity or affinity, devisees or legatees of deceased members " * * * may be organized under the act.

Ruby Belle Riggs, being named in the certificate as the person for whose use the benefit was to be paid, is a " devisee " within the meaning of this statute. Martin v. Stubbings, 126 Ill. 404; Delaney v. Delaney, 175 Ill. 202.

There is no repugnance between the statement contained in the application that the benefit shall be paid to the wife of Riggs, " subject to such future disposal of the benefits among my dependents as I may hereafter direct," and that found in the certificate directing the benefits to be paid to his wife " to be held in trust by her for my adopted daughter Ruby Belle Riggs." The application reserves the right

to designate thereafter a particular dependent. The certificate shows an exercise of that right. Ruby Belle Riggs was then a dependent upon his bounty, had been for twelve years prior to his becoming a member of the order, and continued to be thus dependent for years after. On and after December 18, 1884, a valid contract existed between Riggs and the order, in which a beneficiary competent to take under the statute was mutually agreed upon.

By the Act of 1893 relating to fraternal societies (R. S. 1885 Hurd, sec. 125, ch. 73,) it is provided that "Payment of death benefits shall only be made to the families, heirs, blood relations, affianced husband or affianced wife of, or to persons dependent upon the member." But we are not here concerned with this Act, because it is well settled that the rights, whatever they may be, of Ruby Belle Riggs Nowak are not impaired or affected thereby. Delaney v. Delaney, *supra;* Moore v. Guaranty F. L. Soc., 178 Ill. 202.

The by-laws of the order restricting the beneficiaries to the wife, children by adoption and blood relations in the first class, and to the affianced wife of the member, or to one dependent upon him for maintenance, in the second class, did not go into effect until June 24, 1899. These by-laws do not in terms nor by necessary implication refer to contracts theretofore made and existing. By an unbroken line of authorities it is established that the courts will not construe a law, no matter how positive in its terms, as intended to interfere with existing contracts or with vested rights, unless the intention that it shall so operate is expressly declared or is necessarily to be implied from its words. The same canon of construction is applied to the rules which a fraternal society sees fit to adopt for the government of its members. And this rule of interpretation is enforced even in those cases where the member has stipulated that he will be bound by the laws of the order that thereafter may be enacted. Benton v. Brotherhood of Ry. Brakemen, 146 Ill. 575; Voigt v. Kersten, 164 Ill. 314; Covenant M. L. Ass'n v. Kentner, 188 Ill. 431; Northwestern Association v. Wanner, 24 Ill. App. 359; Brother-

hood of Ry. Trainmen v. Newton, 79 Ill. App. 505; Modern Woodmen v. Wieland, 109 Ill. App. 340; Starling v. Supreme Council, 108 Mich. 440; Wist v. Grand Lodge, 22 Oregon, 271; Bacon Ben. Socs., sec. 187; Niblack Ben. Socs., (2nd ed.), sec. 27.

In the case of Baldwin v. Begley, 185 Ill. 180, cited by counsel for defendant in error, the designation of a person not competent to take as beneficiary was made after the Act of 1893 had gone into effect and after the society had passed a by-law restricting the payment of benefits to the persons specified in that Act. For these reasons that case is not applicable to the one at bar.

Plaintiff in error objects to that part of the decree which renders judgment against the order for the amount of the benefit less expenses, claiming that the court should have directed the order to pay the money into court and then have decreed that such sum be paid to the party entitled to the fund.

It is true that the course indicated is the usual one, but the court, in such a case, in its discretion may proceed at once to a final decree. The order is here in name only. It has not assigned errors upon this record. If this action of the court is an error, it is one in which plaintiff in error is not concerned, and hence her objection thereto will not be considered.

The decree of the Superior Court is reversed and the cause is remanded, with directions to enter a decree finding that the plaintiff in error, Ruby Belle Riggs Nowak, was and is lawfully and equitably entitled to the said benefit fund.

*Reversed and remanded with directions.*