**Eliza Sowersby, Appellant, v. Royal League, Appellee.**

**Gen. No. 15,235.**

FRATERNAL BENEFIT SOCIETIES—*when admission of applicant ultra vires.* If a society is organized with specific powers contained in its charter prescribing therein certain limits to the ages of eligibility, the admission of an applicant in excess of the limit is *ultra vires,* notwithstanding at the time of making application the applicant was of eligible age. A certificate issued to such an applicant is void notwithstanding the acceptance of dues and assessments for many years after its issuance, but such dues and assessments will be ordered returned.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed February 14, 1911. Rehearing denied March 3, 1911. *Certiorari* denied by Supreme Court (making opinion final).

**Statement by the Court.** Appellant, Eliza Sowersby, brought an action in the Superior Court of Cook county upon a benefit certificate issued by appellee, Royal League, to her late husband, and payable upon his death to her his widow.

The case was submitted to the court below, without a jury, upon an agreed state of facts, and resulted in a finding and judgment for the defendant, from which the plaintiff appeals.

On October 26, 1883, the Secretary of the State of Illinois issued a Certificate of Incorporation to the Supreme Council of the Royal League under the Act

of April 18, 1872, relating to corporations not for pecuniary profit. Under this Act, the incorporators were required to file with the Secretary of State a duly acknowledged certificate setting forth, among other things, the following: (a) The name of the corporation, and (b) the business and objects for which it is formed.

Section 31 of the Act provided that corporations thus formed should have the power, *inter alia,* to make by-laws prescribing: (a) The duties of all officers of the corporation, (b) the qualifications of members thereof.

The Certificate of Incorporation actually filed, set forth:

"1st. The name of the corporation.

2nd. The object for which it is formed is to manage, direct and control the affairs of a secret benevolent league, for the purpose of assisting its members fraternally who are physically, morally and socially acceptable, and who are white men between the ages of twenty-one and fifty-one years, at the time of becoming members thereof, and to benefit the widows, orphans and dependents of deceased members thereof."

By an Act approved June 4, 1889, and in force July 1, 1889, section 31, *supra,* was amended so as to give the power of making by-laws to the trustees, which by-laws, among other things, "shall prescribe * * * the qualifications of members of the corporation," subject, however, to modification, alteration or amendment by the members in annual or special meeting.

On July 8, 1889, Sowersby applied for membership in the League, stating that he was between the ages of fifty and fifty-one years. On July 9, 1889, he was examined by the local medical examiner, and the result submitted to the medical examiner in chief on July 15, 1889, who, on that day, returned the report to the local physician for further information. On July 22, 1889, a further examination was made by the local physician. Meantime, and on July 21, 1889, Sowersby

had reached his fifty-first birthday. On July 23, 1889, the supreme medical examiner approved the application. On August 26th, Sowersby was initiated, and on August 28, 1889, the benefit certificate in suit was issued.

From the date of his admission as a member until he died in December, 1906, a period of over seventeen years, Sowersby paid all required dues and assessments, and these were received and retained by defendant.

The stipulation of facts upon which the case was tried below, includes, among other things, an offer on the part of the defendant, the Royal League, to repay to the executor or administrator of Sowersby's estate the total amount paid in by him, as assessments.

Appellee filed its plea of *ultra vires,* and claimed that the age limit, which restricted membership in it to persons between twenty-one and fifty-one years of age, was binding upon it and upon Sowersby, and upon all claiming under the benefit certificate.

It was stipulated that Sowersby was more than fifty-one years of age at the time he was accepted for membership in the organization, but appellant claimed that the age limit, referred to in the articles of incorporation, was not applicable. Appellant claimed that, under an Act, approved and in force June 22, 1893, and amendments thereto, the Legislature undertook to regulate the formation and management of fraternal benefit societies, which thus for the first time passed under the control of the Insurance Commissioner so far as it concerns their insurance feature; that section 7 of the Act specifies what shall be included in the application for a Certificate of Association to be filed thereunder by new corporations, and that, among other things, this certificate must state the proposed plan of doing business, "the limits as to age of applicants for membership, which shall not exceed sixty years."

MORSE IVES, for appellant. .

MANN & MILLER and ARTHUR J. DONOVAN, for appellee.

MR. JUSTICE BALDWIN delivered the opinion of the court.

After a very careful examination of the question, we are of the opinion that the court below rightly sustained the plea of *ultra vires,*—and that the League had no power to admit Sowersby to membership after he had passed the age of fifty-one years, and, accordingly, that the benefit certificate issued and sued upon is absolutely void. If we are right in holding that the corporation was without power to admit him to membership under the circumstances, it follows that the corporation could not, by accepting payments of assessments from him or otherwise, waive the age limit, nor be estopped to insist upon it as a defense in this case.

While it is true that the general law of 1872, relating to corporations, provided, among other things, that the corporations so formed should have the power to make by-laws, prescribing the qualifications of members thereof, we regard it as clear that the Royal League having filed a certificate setting forth both the business and objects for which it is formed, and in which it is specified that "the object for which it was formed is to manage, direct and control the affairs of a secret benevolent League for the purpose of assisting its members fraternally, who are physically, morally and socially acceptable, and who are white men between the ages of twenty-one and fifty-one years at the time of becoming members thereof," constituted a valid and definite limitation upon the power of the League to admit persons to membership, and none could be admitted who did not come within the description of being "white men within the ages of twenty-one and fifty-one years at the time of becoming members thereof." The Royal League was required by statute to state the purpose for which it was

organized, and it did state the purpose to assist persons who were "white men between the ages of twenty-one and fifty-one years at the time of becoming members thereof." It was, therefore, thus organized for that purpose, and the plea of *ultra vires* in this case was fully sustained by the facts, and. constituted a valid defense.

Counsel for appellant suggests that, under the law of 1872, the qualifications of members were to be determined by the by-laws to be made by the corporation. It is true that the corporation might properly adopt by-laws, describing the qualifications of its members,—which must, however, include only such persons as are included in the certificate stating the business and objects for which it is formed, and who are "white persons between twenty-one and fifty-one years of age." In other words, the certificate of incorporation, upon being properly executed and filed, constitutes the charter of the company. It necessarily and conclusively states the business and objects for which the corporation is formed, and, while within the limitations of this statement of its business and objects, the corporation may make by-laws and, among other things, provide for the qualifications of members thereof, yet such qualifications must be restricted to the persons who are included and within the stated business and objects of the charter.

The judgment of the court below is affirmed.

*Affirmed.*