DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1913.

---

## Arabella Louisa Dunbar, Appellee, v. Royal League, Appellant.

### Gen. No. 17,893.

1. CORPORATIONS, § 326*—*how powers are determined.* The powers of a corporation organized under a general statute must be determined from its charter alone.

2. INSURANCE, § 815*—*when affianced wife is not a dependent.* Where the charter of a fraternal benefit society declares the objects of the corporation to be to benefit the widows, orphans and dependents of deceased members thereof and to establish a fund to pay benefits to the family or dependents of a member, an affianced wife is not a dependent.

3. INSURANCE, § 810*—*what beneficiaries included within term "devisee."* The term "devisee" in the Incorporation Act of 1872, J. & A. ¶ 2449, is capable of including anybody so long as he or she is designated in the benefit certificate of a fraternal beneficial society if the charter is broad enough to include such person, and where sufficiently broad an affianced wife of a member is eligible as a beneficiary.

4. INSURANCE, § 747*—*when amendment to charter gives no right to designate affiancee beneficiary.* Where the charter of a fraternal benefit society declares it to be the object of the corporation to benefit the widows, orphans and dependents of deceased members,

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

### (1)

and is subsequently amended so as to include husbands as eligible beneficiaries, there is no such alteration of its charter as to give it the right to authorize members to designate an affianced wife as a beneficiary.

5. INSURANCE, § 758*—*when insured not bound by own construction of charter.* Where the charter of a fraternal benefit society declares its purpose to be to benefit widows, orphans and dependents of deceased members, a construction and interpretation of the charter by the society as giving the right to authorize members to designate an affianced wife as a beneficiary is the basis of an *ultra vires* act and is not binding on the society.

6. INSURANCE, § 758*—*when not estopped to deny eligibility of beneficiary.* A fraternal benefit society construing and interpreting its charter, which declares its purpose to be to benefit widows, orphans and dependents of deceased members, as giving the right to authorize members to designate an affianced wife as a beneficiary, is not estopped to deny the eligibility of an affianced wife as a beneficiary.

7. INSURANCE, § 815*—*when charter limits power to designate beneficiary.* Where a fraternal benefit society is incorporated under the Incorporation Act of 1872, J. & A. ¶¶ 2418 *et seq.*, and its charter limits the beneficiaries of deceased members to their widows, orphans and dependents, which is narrower than the limits of the statute, the powers must be determined from the charter; it has no power to enact a by-law providing for benefits to an affianced wife and an affianced wife is not eligible as a beneficiary.

Appeal from the Circuit Court of Cook county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed December 2, 1913.

MANN & MILLER and ARTHUR J. DONOVAN, for appellant.

JAMES R. WARD, for appellee.

MR. PRESIDING JUSTICE F. A. SMITH delivered the opinion of the court.

The main question presented by the record is whether or not an affianced wife is an eligible beneficiary under appellant's charter. This question is presented by the pleadings and orders of court thereon.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

The declaration alleged that appellant was an incorporated fraternal beneficiary society under the laws of Illinois, and that on April 25, 1896, it issued a benefit certificate to Alfred Gustav Henriques, one of its members, wherein it promised to pay out of its widows' and orphans' benefit fund, upon the death of the said member, four thousand dollars to appellee by name and style of Arabella Louisa Dunbar, affianced wife of said Alfred Gustav Henriques, in accordance with and under the provisions of the laws governing said fund; that at the date of the said certificate appellee was and remained to the time of the death of the member his affianced wife; that the member died February 3, 1904, in good standing in the order and that appellee made and delivered satisfactory proofs of death to appellant whereby said four thousand dollars became due and payable to appellee, but appellant failed and refused to pay it. The common counts were also pleaded and a copy of the benefit certificate was attached.

A general issue and a first additional plea and replications thereto were filed, and afterwards withdrawn so that they are not now before the court. Appellant filed a second additional plea, which is the only plea now in question, and, therefore, all references to appellant's plea hereafter made will refer to said second additional plea. This plea alleges, so far as here material, that appellant is a corporation not for pecuniary profit, organized and existing under an act of the State of Illinois entitled, "An Act Concerning Corporations," approved April 18, 1872, and in force July 1, 1872, (J. & A. ¶¶ 2418 *et seq.*), as a fraternal beneficiary society, and that it received in the year 1883, in accordance with the law, a charter or articles of association under which it has operated and conducted its business as such fraternal insurance society and continues to operate and conduct its business; that in said charter, in setting forth the business for which appellant is formed, it is recited as follows:

"2nd. The object for which it is formed is * * * to benefit the widows, orphans and dependents of deceased members thereof. * * *

To establish a widows' and orphans' benefit fund out of which shall be paid, on the death of a member, while in good standing in the order, to his family or those dependent upon him, as he may have directed, a sum not exceeding four thousand dollars, as may be provided in the constitution and laws of the order."

That in 1901, the first paragraph above quoted was amended so as to read, "The object for which it is formed is * * * to benefit the widows, orphans, husbands ·and dependents of deceased members thereof."

The plea further alleges that Henriques was admitted to membership on April 18, 1896, and the benefit certificate referred to in the declaration was issued to him on April 25, 1896, on certain conditions therein set forth, and in which it was provided that these conditions being expressly consented to and complied with appellant thereby promised and bound itself to pay out of its widows' and orphans' benefit fund to appellee, Arabella Louisa Dunbar, named and described therein as the affianced wife of Henriques, a sum not ·exceeding four thousand dollars; that at the time of the issuing and delivering to said Henriques of said certificate, appellee was not nor was she at the time of the death of said Henriques a member of his family nor did she come within the designation of widow or orphan nor was she dependent upon said Henriques within the meaning of the law and that she was not and is not eligible to take said fund or any part thereof.

To this plea appellee filed three replications. The first admits the charter provision to establish a fund to be paid to a member's family or those dependent upon him and sets up the adoption of a constitution and law by appellant alleged to be declaratory of the objects of the order, wherein it was provided that a benefit certificate may be made payable to an affianced

wife, among others, in which class of beneficiary no proof of dependency shall be required, that said charter, constitution and law were in full force and effect before and at the time said certificate was issued and so remained up to the member's death; that said certificate was issued in pursuance of and in accordance with said charter, constitution and law, and by reason thereof the designation of appellee as the affianced wife of the member was a designation of a person dependent upon him within the terms and requirements of said constitution and law and objects stated in the articles of association of appellant, therefore she is eligible.

The second replication alleges that after the designation of appellee by the member as beneficiary and affianced wife, the member paid all dues and assessments required to be paid and continued in good standing in the order until his death, and that the members of the order, after the issuing of said certificate, paid into the widows' and orphans' benefit fund of said order dues and assessments therefor down to and prior to the commencement of this suit an amount exceeding four thousand dollars, which sum was payable to appellee and was then and there held in trust for the use and benefit of appellee in accordance with the constitution and law of appellant aforesaid.

The third replication alleges *precludi non* because before and at the time of the issuing of said certificate, appellee was and continued to be up to the member's death the affianced wife of and dependent upon said member, and concludes to the country.

General and special demurrers were filed to each of these replications which were overruled, and, upon appellant's election to stand by its demurrers, the judgment was entered from which this appeal was prayed.

The main question above stated is thus presented by the plea, replications and the demurrers thereto. We think it is a settled principle of law of this State that where a corporation is organized under a general stat-

ute, the powers of such corporation must be determined from its charter alone. *Rockhold v. Canton Masonic Mut. Ben. Soc.,* 129 Ill. 440; *Norwegian Old People's Home Soc. v. Wilson,* 176 Ill. 94; *Grimme v. Grimme,* 198 Ill. 265; *Murphy v. Nowak,* 223 Ill. 301.

In the *Rockhold* case, *supra,* the Supreme Court said at page 455: " 'The particular business and objects' of the corporation, as declared in the certificate of the promoters filed in the office of the Secretary of State, are 'to give financial aid and benefit to the widows, orphans and heirs or devisees of deceased members,' and the certificate of incorporation is a license only for 'the particular business and objects' enumerated in the certificate of the promoters."

So far as here material, the charter of appellant declared the objects of the corporation to be to benefit the widows, orphans and dependents of deceased members thereof, and to establish a widows' and orphans' benefit fund out of which should be paid, on the death of a member, to his family or those dependent upon him, as he may have directed, a sum not exceeding four thousand dollars. By the amendment in 1901, husbands were added to the list.

There is no question in this case that appellee does not come within the classification of widow, orphan or member of the family of the member, and it is contended by appellant that it is equally clear that she does not come within the classification of dependents. We think this contention is sound. A dependent, as the term is used in connection with fraternal societies, has a well-defined meaning in the law of this State. In *Alexander v. Parker,* 144 Ill. 355, the Court said:

"Where the statute and charter of an association provide for the payment of benefit funds to persons dependent upon the members, the word, 'dependent,' means 'some person or persons dependent for support in some way upon the deceased.' (*Ballou v. Gile,* 50 Wis. 614; Bacon on Ben. Soc. and Life Ins., Sec. 261.) Dependence for favor, or for affection, or for

companionship, or as servants, or retainers, is excluded. A dependent, as the term is used in reference to these benevolent associations, is one who is sustained by another, or relied for support upon the aid of another."

To the same effect are *Royal League v. Shields,* 251 Ill. 250, and *Murphy v. Nowak, supra.* In *Alexander v. Parker, supra,* the society was incorporated under the statutes of Massachusetts, which provided that for the purposes of assisting the widows, orphans or other persons dependent upon deceased members such societies may provide for payments by the member of fixed sums to be held until his death and then paid to the persons entitled thereto. The charter declared the objects of the corporation to be "for the purpose of * * * aid to its members and their dependents * * * assisting the widows and orphans of deceased members, establishing a fund for the relief of sick and distressed members, and one for a widows' and orphans' benefit fund," etc. The member designated his affianced wife and, upon his death, a bill of interpleader was filed by the society, making the affianced wife and the member's children parties defendant. The trial court found that the affianced wife was entitled to the fund, and the Appellate Court affirmed the decree. The Supreme Court, however, reversed the judgment.

It seems to us, therefore, that appellee does not come within any of the classes of beneficiaries authorized by the charter of appellant, and if the charter expressed the limit of appellant's corporate power, it had no authority to pay a benefit to the beneficiary named in the certificate in question out of its benefit fund, under the authorities above cited. To these may be added *Palmer v. Welch,* 132 Ill. 141; *Steele v. Fraternal Tribunes,* 215 Ill. 190; *Sowersby v. Royal League,* 159 Ill. App. 626.

The amendment in 1901 of appellant's charter set forth in the plea was intended to and did affect only

the first paragraph of the objects of the association stated in its original charter. It did not modify or affect the remaining four paragraphs. The purpose of the amendment was to enlarge the classes eligible to membership in the order and did not in any wise affect the charter or constitution of appellant relating to beneficiaries and the payment of benefits from the widows' and orphans' benefit fund. Therefore the objects of appellant association stated in its original charter relating to beneficiaries which might be designated by a member, and the payment of benefits to the beneficiaries continued in force and effect after the amendment of 1901, the same as before that amendment. This, however, affords no basis for the argument advanced by appellee that appellant so interpreted its charter and constitution as to give it the right to authorize members to designate an affianced wife as a beneficiary. Furthermore, appellant is not bound by its construction and interpretation of its charter where that construction is the basis of an *ultra vires* act.

In *Norwegian Old People's Home Soc. v. Wilson,* *supra,* the society was organized under the same statute as was appellant. The member had a certificate payable to his daughter. In 1896 he surrendered it and procured another certificate payable to his brother and the Old People's Home. On his death, his daughter filed a bill to recover all of the fund. The brother and the Home filed a cross-bill claiming the fund. In holding that the fund belonged to the daughter and brother and that the Home was ineligible, the Supreme Court declared that "the whole question as to who may be made beneficiaries must be settled, in the first place, by reference to the certificate of incorporation" of the association; and that the Home was incompetent to take under the terms of the certificate of incorporation, for it could not in any way be held to be a member of the deceased's immediate family. The Court further said: "It is no answer to say that

the statute of the State under which the association was organized was broad enough to permit such society to take. The incorporators of the association chose to restrict the objects of its benevolence to the immediate family of the member, and the courts must construe the contract as they find it," citing the *Rockhold* case, *supra.*

The Court proceeds to say further on in its opinion:

"The Policemen's Benevolent Association is an Illinois corporation, which has voluntarily chosen to restrict its benevolences to the immediate families of its members, and we must apply the restrictions found in the statement of the object of the association as specified in the certificate of incorporation, and not the statute itself in its broadest scope. It is obvious that there is nothing illegal or against public policy in the action of the association in narrowing the scope of its beneficial action."

To the same effect is *Murphy v. Nowak, supra.*

In so far as the eligibility of an affianced wife is concerned, the statute of 1893, relating to fraternal beneficiary societies (Hurd's Revised Statutes of 1912 J. & A. ¶¶ 6646 *et seq.*, added nothing to nor detracted anything from that which was already provided in the statute of 1872 (J. & A. ¶ 2449). An affianced wife was eligible under the latter statute as a devisee. *Stake v. Stake,* 228 Ill. 630. And there is no reason why a member may not have the policy made payable to the proposed beneficiary directly, in lieu of doing the same thing by a will. *Bloomington Mut. Ben. Ass'n v. Blue* 120 Ill. 121. The term "devisee" in the statute of 1872 (J. & A. ¶ 2449) is capable of including anybody so long as he or she is designated in the certificate, if the charter is broad enough to include such person. The only effect of the Act of 1893, in regard to beneficiaries, was to restrict the scope of fraternal societies in regard to the persons who might be beneficiaries, and to exclude all others. Those classes of beneficiaries enumerated in the statute were unaffected and retained the same rights as before.

The authorities above cited dispose of appellee's contention that appellant is bound by its construction of its charter in issuing certificates payable as its constitution provides. This contention is not sound when such construction would establish a contract which appellant had no power to make. They also dispose of appellee's contention that appellant is estopped to deny the eligibility or dependency of ap-. pellee under its charter.

The broad contention between the parties may be stated as follows: Appellee contends that the statute in its fullest scope and not the charter fixes the limits of appellant's corporate power, and that, therefore, since an affianced wife is within the classes permitted by the statute, she is eligible, while appellant contends that the charter fixes the limits of such corporate power even though it is narrower than the statute; and since an affianced wife as such does not come within the classes permitted by the charter, appellee is ineligible. Under the authorities above cited and many others, the contention of appellee is not the law in our opinion. If, as we think, the charter fixes the limit of the corporate power of appellant, it follows that appellant had no power to enact the by-law set up in the first replication to the second additional plea, providing for payment of benefits to an affianced wife, and thus broaden its charter powers. It was powerless to provide by the by-law or otherwise for a beneficiary belonging to a class which did not come within its charter.

These considerations and the authorities cited apply to the subject-matter of all the replications and compel us to hold that the replications are bad in substance, and do not answer the plea. It is therefore unnecessary for us to discuss the formal and specific defects of the replications.

The trial court erred in overruling the demurrers to the replications and in entering judgment. The judgment is reversed and the cause is remanded.

*Reversed and remanded.*