SECOND DISTRICT—APRIL, 1918. 469

First Catholic Slovak L. U. of U. S. v. Florek, 210 Ill. App. 469.

## First Catholic Slovak Ladies' Union of the United States of America, v. Anton Florek, Appellee. Ignae Vons and Johanna Vons, Appellants.

### Gen. No. 6,517.

1. INSURANCE—*when indorsement on benefit certificate of amounts to be paid designated persons shown to be act of insured.* On an interpleader by a benefit insurance company to determine the title to proceeds of a benefit certificate, evidence *held* sufficient to show that the indorsement on the certificate, in which no beneficiary was named, of a statement that specified amounts should be paid the husband of insured, her father and mother, and for burial expenses, was the act of insured.

2. INSURANCE, § 741*—*when insurance contract construed in accordance with articles of incorporation, by-laws and certificate issued by foreign corporation.* Where a benefit certificate recites that it is subject to conditions contained in the articles of incorporation and in the by-laws of a fraternal benevolent society, and that in case of failure of insured to appoint a beneficiary the amount should be payable to persons prescribed in the by-laws in force at the death of insured, and no evidence is introduced showing the statutes of the State in which the society was organized, the contract must be construed in accordance with the provisions of the articles of incorporation, the by-laws and the certificate, where they do not conflict with the laws of Illinois.

3. WORDS AND PHRASES—*"family" defined.* The word "family" has no uniform, definite meaning. It is used to indicate, first, the whole body of persons who form one household, thus including also servants; second, the parents with their children, whether they dwell together or not; and third, the whole group of persons closely related by blood.

4. INSURANCE, § 811*—*who considered as member of family of insured.* The charter of a mutual benefit insurance association providing that the purpose of the association is to "aid and assist its members or their families in case of sickness or death," and a by-law providing that the payment of death benefits "shall be confined to husband, wife and children, or to a person or persons of the blood of the member dependent upon the member," must be construed not to be inconsistent so as to render the by-law void, and to mean that the husband, wife and children may be named as beneficiaries whether they are or are not in need of pecuniary

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

assistance, and in enlarging the class from which a beneficiary might be named to exclude members of the family not of the blood of the insured and those not dependent upon the insured and to include any person of the blood of the insured dependent upon her.

Appeal from the Circuit Court of Will county; the Hon. DOR-RANCE DIBELL, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. .Opinion filed April 9, 1918.

WILLIAM C. MOONEY, for appellants.

KELLY & ORR, for appellee; PAUL E. PRUTSMAN, of counsel.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court. ·

Karolina Florek, the wife of the appellee, Anton Florek, and daughter of the appellants, Ignac Vons and Johanna Vons, held a certificate of First Catholic Slovak Ladies' Union of the United States of America, a fraternal benevolent society incorporated under the laws of Ohio and doing a life insurance business in Illinois, entitling her beneficiary upon her death to the payment of $1,000. She died August 30, 1916, leaving no child or children. There was no beneficiary named on the face of the certificate, but she had undertaken to provide by indorsement on the back that the amount should be paid, to her husband $70; to her father and mother, $780; and for funeral and burial expenses $150. The society advanced her in her lifetime $50, and it is agreed that $150 of the balance is payable to the undertaker for burial expenses. Her parents claim under said indorsement, and her husband claims to be the sole beneficiary after deducting said $200. The society filed this bill of interpleader, paid the money into court, and was dismissed out of the case. There was a trial on appropriate pleadings of the claims of the husband and parents, and a decree in favor of the husband, from which the parents prosecute this appeal.

Appellee denied the execution by his wife of said indorsement on the policy, but the chancellor found that it was her act. There was some question whether the husband deserted his wife before her death, and the chancellor found that he did not.

Appellee assigns no cross error, but argues that the chancellor erred in finding that the indorsement was the act of the insured. Appellants assume that fact established by the finding in the decree. We think the finding is well supported by the evidence. Appellants point out evidence tending to sustain their contention that appellee deserted his wife, the insured. The proof taken as a whole is satisfactory that appellee and his wife each had tuberculosis for some time before her death. He went to a sanitarium and she went home to her parents because that was the most practical way of living. He contributed to her support, and the family relation existed except in so far as it was necessarily interrupted by that sickness.

It is recited in the certificate that it is subject to conditions contained in the articles of incorporation, and in the by-laws of the society, and that in case of failure of the insured to appoint a beneficiary the amount should be payable "to such person or persons as shall be prescribed in the by-laws of said society in force at the time of the death of said member." No evidence was introduced showing the statutes of Ohio under which the society was organized; therefore the contract must be construed in accordance with the provisions of the articles of incorporation, the by-laws and the certificate, if they do not conflict with the laws of Illinois, and there is no contention that they do.

There is a provision in the constitution and by-laws that payment of death benefits "shall be confined to husband, wife and children, or to a person or persons of the blood of the member dependent upon the member." The decree rests on the fact (which is not disputed) that neither the father nor mother was

dependent upon deceased, and the conclusion that therefore they are not eligible as beneficiaries. There is another provision of the by-laws that on failure of the beneficiary named in or on the certificate the sum should be paid to the widower, and appellee claims under that provision.

His claim is supported by the facts so far stated, but appellants offered in evidence what they call the charter of the company and rely upon a statement therein that the purpose for which said corporation is formed is, among other recited things: "To aid and assist its members or their families in case of sickness or death."

Appellants argue that under this clause in the charter the insured had a right to designate as beneficiary any member of her family, and that the above-quoted clause in the by-laws restricting payment of death benefits to persons of the blood of the member dependent upon the member should be disregarded because by-laws contrary to the charter of the corporation are void. Appellee denies that the charter was in evidence, but the chancellor found that "by the charter, constitution and by-laws of the said Union, in full force and effect, it was and is provided that the payment of the death benefit 'shall be confined to husband, wife and children, or to a person or persons of the blood of the member dependent upon the member,'" and based his conclusion on a finding that neither of the parents were "dependent upon said Karolina Florek." Assuming that the charter was in evidence, and assuming without deciding that a by-law limiting the class specified in the charter as beneficiaries would be void, the question is whether the provision in the by-laws should be held an unwarranted restriction of the provision in the charter. The word "family" has no uniform, definite meaning. It is said in *Norwegian Old People's Home Society v. Wilson*, 176 Ill. 94, 99: "It is used to indicate, first, the whole body of persons who form one

household, thus including also servants; second, the parents with their children, whether they dwell together or not; and third, the whole group of persons closely related by blood. (Century Dict.) It 'may mean a man's household, consisting of himself, his wife, children and servants; it may mean his wife and children, or his children excluding his wife; or, in the absence of wife and children, it may mean his brothers and sisters or next of kin; or it may mean the genealogical stock from which he may have sprung.' [2 Story's Eq. Jur. (13th Ed.) sec. 1065b.]'' It is recited in the constitution and by-laws that the object of the society is: ''To support sick and disabled members in their sickness; to render more tolerable the conditions of their widowers and orphans, and to console and help them in their bereavement, and to raise the orphans to become good members of society.'' To effectuate the purposes recited in the charter and in the constitution and by-laws, the association permitted husband, wife and children to be named as beneficiaries whether they were or not in need of pecuniary assistance, and in enlarging the class from which a beneficiary might be named it excluded members of the family not of the blood of the insured and those not dependent upon the insured, and included any person of the blood of the insured that was dependent upon her. This is the construction given the language of the charter by the corporators, and it seems to us fair, certainly within its spirit, and we do not see that it is in conflict with its letter. The aid and assistance contemplated as indicated by the language of the charter was not to be rendered to the family generally, but only ''in case of sickness or death.'' It seems within the purpose so expressed that the aid might be confined to members of the family likely to need pecuniary assistance in case of sickness or death, and likely to receive such assistance from the insured had she survived. The assistance rendered by such benevolent

474 APPELLATE COURTS OF ILLINOIS.

First Catholic Slovak L. U. of U. S. v. Florek, 210 Ill. App. 469.

societies is by way of pecuniary aid to survivors. It may fairly be said that the leading object of such associations is to partially compensate in money dependents of the insured for the pecuniary loss occasioned by the death of the one on whom they relied for support. On appellants' assumption that the charter and the constitution and by-laws of the association are in evidence, we conclude that the chancellor did not err in construing them. Within the more restricted meaning of the word, appellants were neither of them members of the family of deceased. She was a married woman, in contemplation of law residing with her husband notwithstanding the fact that sickness had required their temporary separation. Her husband was at a sanitarium, and she was in the home of her parents as she might have been in a sanitarium or in the home of some other person or persons who could take care of her in her illness. There is some force in appellee's suggestion that on the authority of *Grimme v. Grimme,* 198 Ill. 265, the husband was the only surviving member of her family.

The so-called charter is apparently the certificate of the promoters. It is said in *National Union v. Keefe,* 263 Ill. 453, 458: "In ascertaining the scope of the powers of a corporation organized under a general law the court looks at the certificate of the promoters and the articles of incorporation, and its powers are such, only, as are therein specifically enumerated and such others as are incidental or necessary to carry the express powers into effect." And that: "A benevolent association may restrict the objects of its benevolence to classes more limited than those which the statute authorizes it to include, and in such case persons not within the restricted classes specified cannot receive the benefits of the association." It is also said that while an association cannot go beyond the powers contained in its charter, it may restrict the class of beneficiaries within narrower limits than the statute. Sev-

eral Illinois cases are there discussed and analyzed. Appellants cite cases from the Supreme Courts of Massachusetts and Kentucky holding that a by-law excluding as beneficiaries any class provided for by the charter is void. We do not deem it necessary to examine and discuss the authorities on that question, because we hold there is no such conflict between the charter and the constitution and by-laws; therefore the provisions in the by-laws are valid, and appellants' claim rests on their contention that they are void.

Finding no error in the record, the decree is affirmed.

DIBELL, J., took no part.

*Affirmed.*