**Helena Siedleczski and Czeslawa Siedleczski, by Helena Siedleczski, Appellees, v. Brotherly Aid Society of Prince Joseph Poniatowski, by Charley Karwawski, President, Appellant.**

## Gen. No. 25,020.

1. INSURANCE, §§ 746, 748*—*where contract of member of benefit society found.* The contract between a benefit society and its members is contained in the certificate, if there be one, the constitution and by-laws, and the statute of the State under which the society is formed.

2. INSURANCE, § 749*—*when by-law within scope of objects of benefit society.* Under the charter of a benefit society, stating the object of the society to be "mutual aid and assistance to its members and their families," etc., a by-law providing for the payment of funeral expenses and a payment to the family at the time of the member's death was clearly contemplated by and within the scope of the objects of the society.

3. INSURANCE, § 749*—*when contract of benefit society for death claim will be valid.* The contract for a death claim, of a benefit society organized under the act of 1872 (J. & A. ¶ 2418 *et seq.*), which gave no power to do business of a fraternal beneficiary society, was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

recognized as legal and enforceable, after the passage of the Fraternal Beneficiary Act of 1893 (J. & A. ¶ 6646 *et seq.*), which gave such power.

Appeal from the Municipal Court of Chicago; the Hon. IRWIN R. HAZEN, Judge, presiding. Heard in this court at the March term, 1919. Affirmed. Opinion filed June 16, 1919. Rehearing denied June 30, 1919..

FRANK GRESKOWIAK, ANDREW KUCHARSKI and EWART HARRIS, for appellant.

OLENE LAPHAM, for appellees.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Plaintiffs brought suit for $300, the amount of a death benefit which they claimed as members of the family of Thomas Siedleczski, a deceased member of defendant's society, payable under one of its by-laws. On trial by the court upon a stipulation of facts, judgment was entered for the amount claimed in favor of the plaintiffs. Defendant asks that this be reversed.

The by-law referred to provides that upon the death of a member the Society of Prince Joseph Poniatowski shall immediately pay $50 for funeral expenses and $250 to his family. It is stipulated that plaintiffs are members of the family, that deceased was in good standing and the by-law in force at the time of his death, and that no part of this money has been paid.

The only point of defense presented is that under the defendant's charter this by-law providing for the payment of death benefits is ultra vires. The contract between a benefit society and its members is contained in the certificate, if there be one, its constitution and by-laws, and the statutes of the State under which it is formed. *Alexander v. Parker*, 144 Ill. 355; *Nowak v. Murray*, 127 Ill. App. 125. Defendant's charter or certificate of organization states that "the object for

which it is formed is mutual aid and assistance to its members and their families, and progress in the spirit of its country, purely charitable and not for pecuniary profit." We are of the opinion that the by-law providing for funeral expenses and a payment to the family at the time of the member's death is clearly contemplated by and within the scope of the objects of the defendant society, namely, "mutual aid and assistance to its members and their families," as stated in the certificate of organization. Similar language in the charters of similar societies has been so construed in *Young Men's Protestant Temperance & Benevolent Society v. City of Fall River*, 160 Mass. 409; *Norwegian Old People's Home Society v. Wilson*, 176 Ill. 94; *Boyd v. State*, 53 Ala. 601. These words in the charter distinguish the facts here from those under consideration in *Society of St. Stephen v. Sikorski*, 141 Ill. App. 1, where the sole object of the society stated in the certificate of incorporation was "for religious and social purposes."

Defendant further says that it was incorporated in 1907, under the act of 1872, which gives it no power to do the business of a fraternal beneficiary society, and that the legislature having acted upon the matter of fraternal beneficiary societies by the act of 1893 and its amendments, this latter act controls exclusively the payment of death benefits such as are provided for in the by-laws in question. It is sufficient to reply that in a number of cases in our courts where the societies were organized under the act of 1872, the contract for a death claim was recognized as legal and enforceable, after the passage of the Fraternal Beneficiary Societies Act of 1893. Such cases are *Norwegian Old People's Home Society v. Wilson*, 176 Ill. 94; *Dunbar v. Royal League*, 184 Ill. App. 1; *Nowak v. Murray*, 127 Ill. App. 125.

In the act of 1872, sec, 31 (J. & A. ¶ 2449), it is provided:

"That corporations, associations and societies, not for pecuniary profit, formed under this act  *  *  * may make by-laws not inconsistent with the Constitution and laws of this State or of the United States *  *  *. Associations and societies which are intended to benefit the widows, orphans, heirs and devisees of deceased members thereof, and members who have received a permanent disability, and where no annual dues or premiums are required, and where the members shall receive no money as profit or otherwise, except for permanent disability, shall not be deemed insurance companies."

This would seem to include and contemplate the payment of death benefits to members of the deceased's family, as was specifically provided for by the defendant's by-law. As was said in *Dunbar v. Royal League,* 184 Ill. App. 1, where the defendant was organized under the act of 1872, the only effect of the act of 1893 in regard to beneficiaries was to restrict the scope of fraternal societies in respect to the persons who might be beneficiaries.

There is force in the suggestion that the defendant corporation could not have organized under the act of 1893, which provides for an initial membership of not less than 500 persons, and that small associations like the defendant society, with a small membership, would not be able to organize at all if it were not for the act of 1872, and that it was the intention of the legislature by not repealing the act of 1872 to protect such small societies.

We are of the opinion that the by-law in question was permitted under the act of 1872 and within the objects of the defendant society as stated in its certificate of incorporation. It was therefore wholly within the powers of the defendant to enact such a by-law, and hence the contention that it is void as ultra vires cannot avail. The judgment is right and is affirmed.

*Affirmed.*